# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PEDRO A. FLORES-VALLES,

      Plaintiff,

vs.                                                                    No. CIV 05-765 JB/LFG

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Enforce Settlement and Memorandum in Support, filed May 17, 2006 (Doc. 37). The Court held a hearing on the motion on June 16, 2006. The primary issue is whether Plaintiff Pedro A. Flores-Valles gave his attorneys authority to accept the United States' offer of a lump sum payment of $5,000.00 to settle this case. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, and, because Flores-Valles has not met his burden of showing that no settlement was reached or that his attorneys did not have authority to accept the United States' offer, the Court will grant the United States' motion and will enforce the settlement agreement.

## PROCEDURAL BACKGROUND

The United States represents that Flores-Valles is a convicted aggravated felon, who was released from federal prison in February 2006 and returned to Mexico. See Defendant's Motion to Enforce Settlement and Memorandum in Support ("Motion to Enforce") at 2 n.1. The United States asserts that he is permanently barred from entering the United States. See id. The United States reports that Flores-Valles has had two counsel since the inception of this action: Mr. Colon in

Albuquerque and Ms. Barger in Kansas.  See id. at 2.

The settlement at issue is of a Federal Tort Claims Act claim for a lump sum amount of $5,000.00.  See generally Letter from Diane F. Barger to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge at 1 (dated April 17, 2006).  The United States reports that this case settled with the assistance of Chief Magistrate Judge Lorenzo Garcia's telephonic mediation separately with each party -- with defense counsel in Albuquerque and with Flores-Valles' attorneys in Albuquerque and in Kansas.  See Motion to Enforce at 1.  This matter settled in writing on April 17, 2006, following discussions between counsel and their respective clients, and between Chief Magistrate Judge Garcia and each party.  See Letter from Diane F. Barger to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge at 1.

By letter to Chief Magistrate Judge Garcia dated April 17, 2006, Flores-Valles' counsel stated that she had discussed the settlement offer with Flores-Valles, that she "addressed all issues that have affected his claim," and that he "will accept the lump sum offer of $5,000.00 from the government for settlement of his claim."  Id.  That same day, April 17, 2006, Chief Magistrate Judge Garcia acknowledged receipt of that facsimile from Flores-Valles' counsel and advised the parties to prepare the closing documents.  See Certificate of Record; Letter from the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, to Esteban A. Aguilar, Brian S. Colon, Diane F. Barger, and Cynthia L. Weisman at 1 (dated April 17, 2006).  The United States asserts that via facsimile dated April 18, 2006, and again by letter dated May 9, 2006, it provided both of Flores-Valles' counsel with drafts of the settlement agreement, the motion to dismiss with prejudice, and the order of dismissal.  See Motion to Enforce at 2.

Flores-Valles has not executed and returned any of the documents to the United States.

-2-

Flores-Valles now refuses to settle as previously agreed a month ago and will not sign the closing documents. On May 16, 2006, a month after the agreement was reached, Flores-Valles' counsel informed the United States that now her client "will not give her authority" to accept the $5,000.00 in settlement and he would not sign the dismissal. See Letter from Diane F. Barger to Cynthia L. Weisman, Assistant United States Attorney at 1 (dated May 16, 2006)(attached to Motion to Enforce as Exhibit C).

On May 16, 2006, Ms. Barger also notified the United States that she would request to withdraw as counsel for Flores-Valles. See Letter from Diane F. Barger to Cynthia L. Weisman, Assistant United States Attorney at 1 (dated May 16, 2006)(attached to Motion to Enforce as Exhibit F). As far as the Court and the United States are aware, Mr. Colon still represents Flores-Valles. See Motion to Enforce at 2. Furthermore, Ms. Barger appeared by telephone at the June 16, 2006 hearing.

Upon receiving such notification, the United States notified Chief Magistrate Judge Garcia. See Letter from Cynthia Weisman to the Honorable Lorenzo Garcia at 1 (dated May 16, 2006). The United States informed Chief Magistrate Judge Garcia that there was a potential need to enforce the settlement and, Chief Magistrate Judge Garcia proceeded to certify and to confirm to the Court that the parties had reached a settlement. See generally Certificate of Record, filed June 13, 2006 (Doc. 40). It thus appears that the parties will not be able to resolve the matter themselves.

The United States notified Flores-Valles' counsel on May 16, 2006, that the United States would file a motion to enforce the settlement, and it is understood that Flores-Valles opposes this motion. See Motion to Enforce at 1. The United States requests the Court to enforce the settlement of this matter as previously agreed by the parties and communicated to the Court. See id. The

United States asks the Court to appoint Mr. Colon or, alternatively, the person whom Flores-Valles designated to appear at the settlement conference in his absence, Maria Flores, as an authorized agent to sign the release on his behalf.  <u>See id.</u> at 5.  Alternatively, the United States asks that, if the Court denies this motion, the action be dismissed with prejudice, because he cannot prosecute it.  <u>See id.</u>

Flores-Valles did not file a response, or seek an extension of time in which to do so.  On June 9, 2006, the United States filed a Notice of Completion of Briefing of Defendant's Motion to Enforce Settlement.  <u>See</u> Doc. 38.  At the hearing, Mr. Colon and Ms. Barger did not speak in opposition to the motion or, when given the opportunity, present any evidence.

<h2 style="text-align:center"><u>LAW REGARDING SETTLEMENTS</u></h2>

A district court has authority, while a case is pending before it, to enforce settlement agreements reached by litigants.  <u>See United States v. Hardage</u>, 982 F.2d 1491, 1496 (10th Cir. 1993).  The United States Court of Appeals for the Tenth Circuit reviews the district court's use of such authority only for abuse of discretion.  <u>See id.</u> at 1495.

New Mexico public policy favors settlement agreements.  <u>See Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.</u>, 106 N.M. 705, 707, 749 P.2d 90, 92 (1988).  New Mexico courts presume that, when parties have settled a dispute, they "intended a complete accord and satisfaction of their respective claims . . . ."  <u>Bennett v. Kisluk</u>, 112 N.M. 221, 223-24, 814 P.2d 89, 91-92 (1991).  In applying this policy, New Mexico courts are bound by unambiguous language in settlement agreements.  <u>See Burden v. Colonial Homes, Inc.</u>, 79 N.M. 170, 173, 441 P.2d 210, 213 (1968)(citation omitted).

"[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."  <u>United States v. Hardage</u>, 982 F.2d at

1496.  The United States Court of Appeals for the Sixth Circuit has held that an evidentiary hearing is not required where an agreement is clear and unambiguous, and no issue of fact is present.  See Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir. 1975).

Because settlement agreements are highly favored, a party seeking relief from a settlement has the burden of persuasion.  See Marrujo v. Chavez, 77 N.M. 595, 599, 426 P.2d 199, 201 (1967); Gonzales v. Atnip, 102 N.M. 194, 195, 692 P.2d 1343, 1344 (Ct. App. 1984); Judd v. University of New Mexico, No. 97-2273, 1998 U.S. App. LEXIS 11690, at *7 (10th Cir. June 2, 1998).

"Although the decision to settle a case rests with the client, courts will presume that an attorney who enters into a settlement agreement has the authority to do so."  Conway v. Brooklyn Union Gas Co., 236 F.Supp.2d 241, 247 (E.D.N.Y. 2002)(citing Pereira v. Sonia Holdings (In re Artha Mgmt.), 91 F.3d 326, 329 (2d Cir. 1996)).  "[I]f an attorney has apparent authority to settle a case, and the opposing counsel has no reason to doubt this authority, then the settlement will be upheld."  Id. (citing International Telemeter Corp. v. Teleprompter Corp., 592 F.2d 49, 55 (2d Cir. 1979)).  As the Tenth Circuit noted in Trujillo v. State of New Mexico: "Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into a settlement has the burden to prove that authorization was not given."  Trujillo v. State of New Mexico, No. 98-2068, 1999 U.S. App. LEXIS 2086, *7 (10th Cir. February 11, 1999)(quoting Turner v. Burlington Northern R. Co., 771 F.2d 341, 345-346 (8th Cir. 1985)).  The Tenth Circuit and the Supreme Court of New Mexico have recognized that express as well as apparent authority may bind a client when circumstances indicate that the principal is holding out his or her attorney as having authority to act on his or her behalf.  See Chavez v. Primus Automotive Financial Services, No. 97-2142, 1997 U.S. App. LEXIS 28598, *10-15 (10th Cir. October 15,

1997); Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc., 106 N.M. 705, 707, 749 P.2d 90, 92 (1988)("In other words, a principal must hold out his attorney as possessing authority to act on his behalf beyond procedural matters.  Under these circumstances, we conclude that the Tribe held its attorney out to opposing counsel and to the court as having authority to settle.").

## ANALYSIS

Pursuant to Local Rule D.N.M.LR-Civ. 7.1(b), Flores-Valles' failure to file and to serve a response to the United States' motion constitutes consent to grant the motion.  Also, there is no need for an evidentiary hearing, because the agreement appears clear and unambiguous, and no issue of fact appears present.  See United States v. Hardage, 982 F.2d at 1496-1497; Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir. 1975).  Nevertheless, the Court will review the merits of the dispute and hold a hearing to make certain that a ruling in favor of the United States and against Flores-Valles is appropriate.

There are no disputed issues of fact as to the terms of the agreement or the authority of counsel.  The agreement's terms are simple and clear, and are not in dispute -- a lump sum of $5,000.00.  There is no indication that the terms of the settlement were misunderstood.  See Certificate of Record; Letter from the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, to Esteban A. Aguilar, Brian S. Colon, Diane F. Barger, and Cynthia L. Weisman at 1 (dated April 17, 2006); Letter from Diane F. Barger to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge at 1.

There is no indication that Flores-Valles misunderstood his counsel when she provided settlement authority in April.  There is no indication that two months ago Flores-Valles' counsel did not have the requisite authority to settle.  See Certificate of Record; Letter from Diane F. Barger to

the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge at 1 (dated April 17, 2006).

Flores-Valles' attorney agreed to enter into a settlement, in writing, and Flores-Valles has presented

no evidence that the attorney was not so authorized. See Trujillo v. State of New Mexico, 1999 U.S.

App. LEXIS 2086, *7 ("Once it is shown that an attorney has entered into an agreement to settle a

case, a party who denies that the attorney was authorized to enter into a settlement has the burden

to prove that authorization was not given.").

Chief Magistrate Judge Garcia has certified that the parties reached a settlement.  See

Certificate of Record.  Chief Magistrate Judge Garcia does not doubt the authority of Flores-Valles'

counsel when the settlement was reached.  See id. at 4-5.  A settlement was then reached on April

17, 2006, and the Court should enforce it.

Flores-Valles cannot meet his burden to prove that he did not give his attorney authorization

to settle two months ago.  Flores-Valles may have changed his mind after-the-fact, but his attorney

had authority to settle in April.  Flores-Valles' counsel discussed the terms of the proposed settlement

offer with him, and he indicated to this counsel that he was willing to accept the terms.  See Letter

from Diane F. Barger to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge at

1 (dated April 17, 2006).

Moreover, if the Court does not enforce the settlement, then Flores-Valles faces the very real

prospect of the dismissal of his case with prejudice.  It will be difficult, if not impossible, for Flores-

Valles to prosecute his action.  The Court is having difficulty seeing how the United States will be

able to examine or cross examine him within the Court's jurisdiction or elsewhere in the country.  The

United States also appears unable to have a rule 35 examination conducted upon Flores-Valles within

the Court's jurisdiction or within the country.  Consistent with the Court's ruling at the hearing on

this motion, and for the reasons given at the time of the hearing the Court will grant the motion and enforce the settlement agreement.

**IT IS ORDERED** that the Defendant's Motion to Enforce Settlement is granted.  The Court will, by this Order:

1. Enforce the settlement and compel the Plaintiff to execute the settlement agreement attached to the United States' motion as Exhibit G; and

2. Appoint, if necessary, the Plaintiff's counsel, Attorney Brian Colon, as his "authorized agent" to sign the release on his behalf.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Diane F. Barger
Wichita, Kansas

– and –

Esteban A. Aguilar
Brian S. Colon
Aguilar Law Offices, P.C.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Scott Whitted
DHS, ICE Counsel's Office
South Burlington, Vermont

– and --

David C. Iglesias
  United States Attorney
Cynthia L. Weisman
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Defendant*